UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DONALD C. DRAKE III, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-733 (RC) |
| | : | | |
| v. | : | Re Document No.: | 11 |
| | : | | |
| UNITED STATES DEPARTMENT OF THE ARMY, | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

GRANTING DEFENDANT'S MOTION TO TRANSFER; DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Donald C. Drake III ("Plaintiff") filed this suit against his former employer, the United States Department of the Army ("Defendant" or "Army"). Mr. Drake alleges that the Army discriminated against him on the basis of race and gender as well as engaged in unlawful retaliation, violating Title VII of the Civil Rights Act of 1964. The Army moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Federal Rule of Civil Procedure 12(b)(3) for improper venue. Alternatively, the Army moves to transfer this action to the Eastern District of Michigan. For the reasons discussed below, the Court grants the Army's motion to transfer and denies without prejudice its motion to dismiss.

### II. FACTUAL BACKGROUND

Because this case is at the pleadings stage, the Court recites the facts as alleged in the complaint. Mr. Drake, an African American man who lives in Detroit, Michigan, was hired to work for the Army around August 2017 as an intern Budget Analyst. Compl. ¶¶ 3, 7–6, ECF

No. 1. In February 2019, he was promoted despite "poor unsuccessful performance reviews." *Id.* ¶¶ 10–11. Mr. Drake continued to work for the Army until he was fired on June 24, 2019. *Id.* ¶ 28. Throughout his employment with the Department of the Army, Mr. Drake worked at its Installation and Management Command Headquarters in Warren, Michigan. *Id.* ¶ 28; Ex. 2 to Mot. Dismiss ("EEOC Decision") at 1, ECF No. 11-4.

Mr. Drake alleges that in the two years he worked for the Army he was treated worse than his Caucasian and female coworkers. Compl. ¶¶ 9–14. He claims that he was subjected to unrealistic deadlines, received harsh remarks and reviews from his supervisor, and, unlike his coworkers, was not assigned a mentor at the start of his internship. *Id.* Mr. Drake further alleges that he was mistreated by his supervisor, and, after he reported the "unfair treatment" to his Intern Coordinator, was disproportionately monitored by his supervisor. *Id.* ¶ 17. He alleges that his leave requests were handled differently than those of his colleagues. *Id.* ¶¶ 14, 21. Despite requesting to be transferred multiple times, Mr. Drake remained under the same supervisor. *Id.* ¶¶ 18, 22, 26. Mr. Drake alleges that on June 21, 2019 he reported to the Intern Coordinator "that he was experiencing harassment and discrimination because of his race and sex" from his supervisor. *Id.* ¶ 25. He was terminated three days later. *Id.* ¶ 28.

Mr. Drake timely filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right-to-sue notice. *Id.* ¶ 31. On March 13, 2024, Mr. Drake brought this lawsuit alleging racial discrimination, sex-based discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. *Id.* ¶¶ 29, 31. The Army moves to dismiss the suit for failure to state a claim upon which relief can be granted and for improper venue. *See generally,* Mot. Dismiss ("MTD"), ECF No. 11. The Army also moves for the suit to be transferred to the Eastern District of Michigan pursuant to 28 U.S.C.

2

§ 1406(a). *Id.* at 15–16. Mr. Drake filed an opposition and the Army filed a reply. Pl.'s Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n") at 14–15, ECF No. 14; Reply in Further Supp. of Defs.' Mot. Dismiss, ECF No. 16. The Army's motion is now ripe for review.

### III. LEGAL STANDARD

28 U.S.C. § 1406(a) provides that a district court with "a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When addressing a motion to dismiss for improper venue, the court "accepts the plaintiff's well-pled factual allegations regarding venue as true" and makes all reasonable inferences in the plaintiff's favor. *Haley v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009) (quoting *Pendleton v. Mukasey,* 552 F. Supp. 2d 14, 17 (D.D.C. 2008)). However, the court "is not obligated to accept the plaintiff's legal conclusions" as true. *Webster v. Mattis,* 279 F. Supp. 3d 14, 17 (D.D.C. 2017). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). The defendant, however, "must present facts that will defeat the plaintiff's assertion of venue." *Khalil v. L-3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009). A district court can transfer an action to a proper venue rather than dismiss the action if the court concludes that doing so would be "in the interest of justice." 28 U.S.C. § 1406(a).

### IV. ANALYSIS

Venue in Title VII cases against federal employers is governed by 42 U.S.C. § 2000e-5(f)(3). *See* 42 U.S.C. § 2000e-16(d). Under that statute, venue is only proper in: (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practice

3

are maintained and administered," (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice," and, finally (4) "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(e). The Army argues that under those criteria, the Eastern District of Michigan, or possibly the Eastern District of Virginia, are the only suitable venues for this action. MTD at 15–16. The Court agrees.

First, all allegedly discriminatory employment activity occurred in the Eastern District of Michigan. Mr. Drake was employed in Warren, Michigan as a Budget Analyst Intern when he allegedly experienced discrimination on the basis of his race and sex. EEOC Decision at 1. The disparate treatment he suffered at the hands of his supervisors occurred at the Department of the Army's Installation Management Command Headquarters in Michigan. Compl. ¶¶ 9, 12–21. And Mr. Drake's termination occurred in his supervisor's office at the Warren, Michigan headquarters. EEOC Decision at 2. All of the relevant discriminatory employment actions therefore occurred in the Eastern District of Michigan. Compl. ¶¶ 9, 12–21, 28. At no point does Mr. Drake claim to have experienced an adverse employment action or otherwise discriminatory treatment while in the District of Columbia. *See id.* ¶¶ 9–28. So, under the first prong, venue is proper in the Eastern District of Michigan.

Same with the third prong. But for the alleged discriminatory employment practices, Mr. Drake would still be working in the Eastern District of Michigan. Mr. Drake argues that his termination from the Department of the Army's Installation Management Command Headquarters in Warren, Michigan was the result of discriminatory motivations, and that but for this discriminatory employment practice, Mr. Drake would still work there. *See generally*

Compl.; EEOC Decision at 1–2. Mr. Drake does not dispute that the Eastern District of Michigan is where he would have worked but for the alleged discrimination. *See* Pl.'s Opp'n at 14–15.

For the second prong, there is no basis for the Court to conclude that any employment records relevant to this suit are stored in the District of Columbia. The Secretary of the Army's office is located in Arlington, Virginia. *See e.g. Ellis-Smith v. Sec'y Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011) ("The Secretary of the Army's principal office is located in the Pentagon, in Arlington, Virginia."); *see also Jackson-Spells v. Rumsfeld*, 457 F. Supp. 2d 39, 40 ("[T]he Department of Defense has its principal office in Arlington, Virginia."). Although neither party asserts where the relevant employment records are kept, even if Mr. Drake's employment records are in the Department of the Army's main office, then venue under the second prong would be proper in the Eastern District of Virginia, not the District of Columbia.

The fourth prong of establishing venue under Title VII is "residual" and only used "when the defendant cannot be found within any of the districts provided for in the first three bases." *Stout v. Napolitano,* 18 F. Supp. 3d 9, 12 (D.D.C. 2014) (second quotation quoting *Kendrick v. Potter,* No. 06-122, 2007 WL 2071670, at *3 (D.D.C. July 16, 2007)). Because the Army can be found in the Eastern District of Michigan and, if appropriate, the Eastern District of Virginia, the Court need not consider venue under the fourth prong.

Mr. Drake's arguments that venue is proper in the District of Columbia are not compelling. First, he suggests that the District of Columbia is a proper venue for this suit because "employment records relevant to such practice are maintained and administered in the Defendant's offices[.]" Pl.'s Opp'n at 14. He seems to incorrectly assume that the Department of the Army's offices are located in the District of Columbia. *Id.* But, as discussed, the

5

Department of the Army is headquartered in Arlington, Virginia; therefore, Mr. Drake's contention is without merit. Even if the Army has an office in the District of Columbia, there is no factual basis for the Court to conclude that Mr. Drake's employment records are stored there. Mr. Drake also argues that the District of Columbia is an appropriate venue because the discriminatory policies of the Department of the Army have "nationwide applicability." *Id.* Even assuming that is true, venue under Title VII does not depend on whether a discriminatory policy is national in scope. *See* 42 U.S.C. § 2000e-5(f)(3). Nor does Mr. Drake point to a specific national policy that was the basis for his termination, nor to a higher-level Army official located in the District of Columbia.

The Court concludes that the District of Columbia is not the proper venue under Title VII's specific venue provisions. This holding is consistent with decisions from other courts in the D.C. Circuit that have addressed similar circumstances. *Beckford v. Esper,* No. 18-940, 2018 WL 4778930 at *2 (D.D.C. Oct. 3, 2018); *see generally Troster v. Garland*, No. 20-3584, 2021 WL 5865447 (D.D.C. Dec. 10, 2021); *McLaughlin v. Holder*, 864 F. Supp. 2d 134 (D.D.C. 2012); *Hamilton v. Transp. Sec. Admin.,* 263 F. Supp. 3d 317 (D.D.C. 2016). The only remaining questions are whether to transfer or dismiss this case, and, if transfer is appropriate, which district to transfer it to.

The Court has "sound discretion" to determine whether a case should be transferred. *Pendleton*, 552 F. Supp. 2d at 17; *see also* 28 U.S.C. § 1406(a). "Generally, the 'interests of justice' requires courts to transfer cases to the appropriate judicial district, rather than dismiss them." *Jones v. Hagel*, 956 F. Supp. 2d 284, 288 (D.D.C. 2013) (quoting *Darby v. U.S. Dep't. Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002)). The Court will take that approach here.

*Darby,* 231 F. Supp. 2d at 278 (transferring a case because "the District of Columbia does not satisfy any of the Title VII venue requirements").

There are two potential districts where this case could be transferred: the Eastern District of Michigan (where venue is certainly appropriate) and the Eastern District of Virginia (where venue is only hypothetically appropriate). The Army has asked that this case be transferred to the Eastern District of Michigan; Mr. Drake has not expressed a preference for one district or another. In deciding where to transfer an action, courts are instructed to weigh (1) private interest factors such as convenience for the plaintiff and witnesses and where the claim arose and (2) public interest factors such as the "familiarity with the governing laws and the local interest in deciding local controversies at home." *Webster*, 279 F. Supp. 3d at 19. Given that Mr. Drake lives in the Eastern District of Michigan, most of the witnesses that would have observed or perpetrated the alleged discrimination work in that District, the State of Michigan has an interest in addressing injuries to its residents, and it is not certain that venue is appropriate in the Eastern District of Virginia, the Court will order transfer to the Eastern District of Michigan. Because the Court grants the Army's motion to transfer, it will deny without prejudice its motion to dismiss, to be re-filed upon transfer to the transferee District.

## V.  CONCLUSION

For the foregoing reasons, the Defendant's Motion to Transfer to the Eastern District of Michigan is **GRANTED**. Defendant's Motion to Dismiss is **DENIED** without prejudice. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  July 17, 2025 　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge